OPINION
{¶ 1} Defendant, Casey Stoermer, entered negotiated guilty pleas in two cases. In common pleas court case no. 06CR1142, which is before us on appeal as this court's case no. 07CA0021, Stoermer entered a guilty plea to failure to comply with the order or signal of a police officer. *Page 2 
R.C. 2923.02(A), 2921.331(B). In common pleas court case no. 06CR1199, which is before us in this court's case no. 07CA0022, Stoermer entered a guilty plea to trafficking in marijuana. R.C. 2925.03(A)(2). The two charges arose from Stoermer's conduct on September 8 and 29, 2006, respectively.
 {¶ 2} The record demonstrates that on September 8, 2006, at 9:48 a.m., Defendant drove his vehicle at a high rate of speed past a state trooper who was parked on Selma Pike in Clark County. When the trooper activated his emergency lights and siren and gave chase, Defendant continued to accelerate away from the trooper. Defendant sped through several intersections and passed schools that were opening for the day. Defendant's vehicle eventually ran off the right side of the road, hit a utility pole, and turned over.
 {¶ 3} The record demonstrates that on September 29, 2006, Springfield police officers who were stopped for a red light at the intersection of High Street and South Fountain Avenue observed a vehicle driven by Defendant collide with another vehicle from the rear. When the officers approached Defendant's vehicle they detected a strong odor of marijuana coming from inside. A pat down of Defendant revealed a baggie of powder cocaine in his pants pocket. Police discovered a baggie of marijuana under the driver's seat, and in the center *Page 3 
console police found four more baggies of marijuana. Police discovered several empty plastic baggies in the glove box. The total amount of the marijuana seized exceeded two hundred grams.
 {¶ 4} The State dismissed other charges pursuant to a plea agreement and recommended concurrent sentences imposing community control sanctions, including six months in the West Central Ohio Correction Facility drug treatment program. The trial court instead sentenced Stoermer to serve two consecutive one-year prison terms, for an aggregate sentence of two years. Stoermer appeals from the judgment of sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE APPELLANT TO SERVE A TERM OF INCARCERATION."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN GIVING THE APPELLANT THE MAXIMUM SENTENCE ALLOWED UNDER THE STATUTE."
 {¶ 7} Trial courts have full discretion to impose a sentence for a felony offense within the applicable statutory range. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In performing the review required by R.C. 2953.08(G), "appellate courts must perform a two-step approach. First, they must examine the sentencing court's compliance with all applicable *Page 4 
rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, at ¶ 4. "An abuse of discretion is `more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Kalish, at ¶ 19 (internal citations omitted).
 {¶ 8} Stoermer does not contend that his two prison sentences are contrary to law. Rather, he contends that the trial court abused its discretion in relation to the sentencing standards of R.C. 2929.11 and2929.12. Those sections "serve as an overreaching guide for trial judges to consider in fashioning an appropriate sentence." Kalish, at ¶ 17.
 {¶ 9} In its judgment of conviction and sentence, the trial court stated that it had "considered . . . the purposes and principles of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors (in) Ohio Revised Code Section 2929.12." The presumption of regularity requires us to credit the trial court's statement that it considered R.C. 2929.11 and 2929.12 *Page 5 
with respect to the sentence it imposed.
 {¶ 10} On an abuse of discretion claim, the appellant has the burden to demonstrate that the judgment on appeal is tainted by an attitude of the court that was unreasonable, arbitrary, or unconscionable.Kalish. "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." AAAA Enterprises, Inc. v. River Place CommunityRedevelopment (1990), 50 Ohio St.3d 157, 161.
 {¶ 11} In support of his first assignment of error, Stoermer argues that none of the sentencing factors in R.C. 2929.11 and 2929.12
reasonably support the two prison sentences the court imposed. He also argues, with reference to R.C. 2929.12(C), that there are no facts indicating that he committed the worst form of either offense. Stoermer points out that the State recommended a sentence of community control, which the court imposed on a co-defendant.
 {¶ 12} In pronouncing Defendant's sentences, rejecting the community control sanctions recommended, the court stated:
 {¶ 13} "Well, I did review the Presentence Investigation; *Page 6 
and it did reveal that the defendant has been to the Department of Youth Services as a juvenile for a burglary offense and a safecracking offense. It also, as the prosecutor indicated, it revealed that he has been to the West Central Juvenile Rehabilitation Center.
 {¶ 14} "So he had had the opportunity for some treatment, some programs, and for whatever reason he continues to have some problems getting on track.
 {¶ 15} "On September the 8th of `06, he was fleeing from a state trooper without a license until he hit a utility pole and flipped his vehicle. I would have thought that, perhaps, that would have been an eye opener for you, Mr. Stoermer; but then three weeks to the day after that, you were driving again without a license and you rear ended somebody on High Street. That's when you were found to be in possession of the marijuana and the cocaine.
 {¶ 16} "I have to be honest with you, even before your statement to the Court, I was not comfortable with sending you back to West Central after I discovered that you had already basically been there as a juvenile; but I am going to order that in 06-CR-1142, the attempted fleeing and eluding, that you be sentenced to one year in the Ohio State Penitentiary, a five-year license suspension, court costs, and 200 dollars in *Page 7 
restitution.
 {¶ 17} "And in the trafficking case, the 1199 case, I'm going to sentence you to one year in the Ohio State Penitentiary, a five-year license suspension, and court costs. Those sentences will run consecutively for a total of two years in the Ohio State Penitentiary.
 {¶ 18} "That'll be all for today." (T. 6-7).
 {¶ 19} We cannot find that the court's decision imposing prison sentences instead of community control reflects an attitude that was unreasonable, arbitrary, or unconscionable. Defendant's misconduct was dangerous in both cases. The co-defendant who received a community control sentence was a passenger in Stoermer's vehicle when the second offense occurred.
 {¶ 20} In his second assignment of error, Stoermer argues that the court abused its discretion when it imposed the maximum available sentence of one year for each of his two offenses, to be served consecutively.
 {¶ 21} Trafficking in drugs, R.C. 2929.03, is a fifth degree felony, for which the maximum available term of imprisonment is twelve months. R.C. 2929.14(A)(5). Defendant was sentenced to serve the maximum term.
 {¶ 22} A violation of R.C. 2921.331(B), failure to comply *Page 8 
with the order or signal of a police officer, when a conviction is entered pursuant to R.C. 2921.331(C)(4), is a fourth degree felony, for which the maximum available term of imprisonment is eighteen months. R.C. 2929.14(A)(4). Defendant pled guilty to a violation of R.C. 2921.331(B) as a fourth degree felony, but was sentenced pursuant to R.C. 2921.331(C)(4) to serve a one-year term of incarceration, not the maximum term of eighteen months.
 {¶ 23} R.C. 2921.331(D) provides:
 {¶ 24} "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."
 {¶ 25} Because Stoermer was sentenced pursuant to his plea agreement to a division (C)(4) violation of R.C. 2921.331(B), the trial court was required to impose a sentence for that violation to run consecutive to the one year sentence the court imposed for the drug trafficking offense.
 {¶ 26} The assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And FAIN, J., concur. *Page 1